Michael T. Mervis (MM 0306)
Robyn S. Crosson (RC 2922)
Anne C. Edinger (Law Clerk)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FREEZE 24/7 INTERNATIONAL LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation and ADVANCED HEALTHCARE DISTRIBUTORS, LLC, a New Hampshire limited liability company,<br><br>　　　　　　　　　Defendants. | Index No: 06 CV 5348 |

**COMPLAINT, JURY DEMAND, AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiff Freeze 24/7 International LLC ("Plaintiff"), by its attorneys, for its complaint

against Defendants, CVS Pharmacy, Inc. ("CVS") and Advanced Healthcare Distributors, LLC

("AHD"), alleges as follows:

**Nature of the Claims**

1. This is an action for trade dress infringement under 15 U.S.C. § 1125(a), unfair

competition, deceptive acts and practices, dilution and misappropriation under state law, and

for breach of contract and fraud arising out of a previous settlement agreement between the

parties. Plaintiff seeks injunctive relief and compensatory and punitive damages against Defendants.

2.   This action arises out of Defendants' breach of a settlement agreement (the "Settlement Agreement") that had resolved Plaintiff's prior claims against Defendants concerning their distribution, marketing and sale of an alleged anti-wrinkle face cream under the name ICED, the trade dress for which -- as has already been adjudicated in an Agreed Final Judgment and Permanent Injunction signed the parties, "So Ordered" by Judge Robert W. Sweet and entered on this Court's docket on April 17, 2006 (the "Judgment") -- infringes Plaintiff's exceedingly strong and well-known trade dress for its products.

3.   Plaintiff agreed to settle its claims against Defendants based on their written representations and warranties that, as of October 31, 2005, the ICED product packaged in the infringing trade dress (a) was no longer available for purchase by consumers and (b) would never be made available to consumers again.  Plaintiff would not have agreed to compromise its claims had those representations and warranties not been made.  As it turns out, however, those representations warranties were false -- and, on information and belief, known by Defendants to be false -- when made.  Accordingly, Defendants are liable to Plaintiff not only for trade dress infringement and related state law claims, but also for breach of contract and fraud.

### Parties, Jurisdiction and Venue

4.   Plaintiff  is a limited liability company formed under the laws of New York, and has a principal place of business at 49 West 57th Street, 3rd Floor, New York, NY 10019.  Plaintiff distributes, promotes, markets, offers for sale, and sells an anti-aging skin cream under the trademark FREEZE 24/7.

5.  On information and belief, CVS is a Rhode Island corporation with a principal place of business at 1 CVS Drive, Woonsocket, RI 02895-6146.

6.  On information and belief, AHD is a New Hampshire limited liability company with a principal place of business at 1 CVS Drive, Woonsocket, RI 02895-6146.

7.  This Court has jurisdiction over the subject matter of this action, pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338, under the principles of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and pursuant to paragraph 3 of the Judgment.

8.  This Court has personal jurisdiction over Defendants because, on information and belief, Defendants solicit, transact, and are doing business within the State of New York.  In addition, Defendants have committed tortious acts within the State and within this judicial district, and Plaintiff's claims arise out of such tortious conduct.

9.  Venue is proper in this district under 28 U.S.C. § 1391 and § 1400.

### Background Facts Common to All Claims for Relief

10. Plaintiff, through itself and its predecessor, has been distributing, marketing, and selling its FREEZE 24/7 anti-aging skin care products since October of 2002.  The products have received an enormous amount of recognition and media attention throughout the United States and worldwide.  Sales of Plaintiff's products in have been in the millions of dollars.

11. Plaintiff's products are packaged in a square, bright red box, which includes a circle on the front and top in which the FREEZE 24/7 trademark appears, in scripted font, along with a snowflake pattern (this package design is referred to herein as the "FREEZE 24/7 Trade

Dress"). Photocopies of a representative FREEZE 24/7 box -- in this case the box for Plaintiff's signature product, the anti-aging face cream -- are attached hereto as Exhibit 1.

12. As was specifically found in the Judgment, Plaintiff has continuously used the FREEZE 24/7 Trade Dress in connection with its products. By virtue of this continuous and exclusive use, and through extensive promotion, sales and third party media attention throughout the United States and around the world, Plaintiff has developed substantial goodwill, consumer recognition and value in the FREEZE 24/7 Trade Dress. The FREEZE 24/7 Trade Dress is strong and famous, and thus entitled to a wide scope of protection under federal and state trademark laws.

13. Also by virtue of Plaintiff's continuous and exclusive use, and through extensive promotion, sales and media attention throughout the United States, the FREEZE 24/7 Trade Dress has come to be recognized and relied upon by the relevant trade and consuming public in the United States as identifying products originating exclusively from the same source, each and every time, and as distinguishing Plaintiff's products from the products of others. The FREEZE 24/7 Trade Dress has great recognition and has come to represent and embody Plaintiff's valuable goodwill and reputation for quality.

### Defendants' Wrongful Acts

14. On information and belief, Defendant CVS is in the business of owning and operating a chain of thousands of drug stores under the "CVS Pharmacy" name.

15. On Information and belief, Defendant AHD is in the business of manufacturing, distributing, and selling personal care products, including to CVS for sale at retail through CVS Pharmacies.

4

16. CVS and AHD are and have been well aware of Plaintiff's FREEZE 24/7 anti-aging products, along with the products' popularity, extensive press coverage and the goodwill represented and symbolized by the FREEZE 24/7 Trade Dress.

17. On information and belief, notwithstanding said awareness, and by reason of same, Defendants developed, manufactured, marketed, distributed and sold anti-wrinkle cream called ICED designed to compete with Plaintiff's products.  Defendants distributed, offered for sale and sold, and continue to distribute, offer for sale and sell, the ICED product, including within the State of New York and this judicial district.

18. On information and belief, the original ICED product packaging was designed to trade upon the goodwill of Plaintiff's FREEZE 24/7 Trade Dress.  The ICED product, when first marketed, came in a square bright red box that is the identical size and virtually identical color of the FREEZE 24/7 face cream product packaging.  On the front and top of the box is a circle. The shape and placement of the circle is the same as the shape and placement of the circles on the top and front of the FREEZE 24/7 product packaging.  Inside the circle is the word ICED, in scripted lettering, as is the case with the FREEZE 24/7 mark on Plaintiff's packaging.  (The ICED package design is referred to herein, and in the Settlement Agreement and Judgment, as the "ICED Trade Dress").  Inside the ICED box is a clear Lucite jar that is virtually identical to the jar in which the FREEZE 24/7 face cream is contained.  Additionally, snowflake designs appear all over the ICED box.  A color photocopy of the box depicting the ICED Trade Dress is attached hereto as Exhibit 2.

5

19. On May 6, 2005, Plaintiff filed a complaint against Defendants for trademark and trade dress infringement under 15 U.S.C. § 1125(a), unfair competition, deceptive acts and practices, state dilution and misappropriation (the "Prior Litigation").

20. All parties to the Prior Litigation subsequently entered into the Settlement Agreement, which is dated as of October 31, 2005. A copy of the Settlement Agreement (with certain financial terms redacted in accordance with a confidentiality provision contained therein) is attached hereto as Exhibit 3.

21. In the Settlement Agreement, CVS and AHD represented and warranted "that as of October 31, 2005, no further ICED products in the ICED Trade Dress were on the shelves of any stores" and "that they will permanently refrain from manufacturing, using, selling distributing, marketing, or offering for sale any anti-aging product in any packaging or other designation that is similar to the FREEZE 24/7 Trade Dress." The Settlement Agreement also provided that any breach of the foregoing warranties "will constitute a new infringement and [Plaintiff] will be entitled to file suit to address such infringement."

22. CVS and AHD also represented and warranted that they would thereafter sell the ICED product in revised packaging that is silver. See Exhibit 3 to the Settlement Agreement.

23. As set forth above, on April 13, 2006, Judge Sweet signed the Judgment, a copy of which is attached hereto as Exhibit 4.

24. Paragraph 18 of the Judgment sets forth the finding that "Defendants' use of the ICED Trade Dress is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, sponsorship, approval, or affiliation of Defendants' business, products, or

services.  Consumers are likely to believe, erroneously, that Defendants' ICED product is affiliated or connected with [Plaintiff's] FREEZE 24/7 product."  Further, paragraph 20 of the Judgment sets forth the finding that, by using the ICED Trade Dress, Defendants "committed trade dress infringement and unfair competition under 15 U.S.C. § 1125(a)."

25. The Judgment immediately and permanently enjoined and restrained Defendants from, among other things, selling, offering for sale and distributing any anti-aging skin care product that would infringe the FREEZE 24/7 Trade Dress and specifically from distributing, advertising, selling, offering for sale or otherwise using or exploiting the infringing ICED Trade Dress.

26. On information and belief, notwithstanding the above-quoted representations and warranties in the Settlement Agreement, and in violation of it and the Judgment, Defendants are continuing to distribute and sell their ICED product, using the infringing ICED Trade Dress, with the object and intent of deceiving and misleading consumers into believing that the product is affiliated, connected or associated with Plaintiff, or that it originates from, or is otherwise sponsored or approved by, the source of Plaintiff's products.

27. The infringing ICED Trade Dress can still be found on the store shelves of numerous CVS stores and, on information and belief, this has been the case, continuously, since October 31, 2005.  Additionally, Defendants are continuing to advertise the ICED product on the CVS website by displaying an image of the infringing ICED Trade Dress.  A screen-print of the CVS website advertisement for the ICED product is attached hereto as Exhibit 5.

28. On information and belief, Defendants are continuing to distribute and sell their ICED product using the infringing ICED Trade Dress with the object and intent to misappropriate the goodwill and consumer recognition of Plaintiff's FREEZE 24/7 products.

29. The continued distribution, sale and offer for sale of Defendants' ICED product packaged in the infringing ICED Trade Dress substantially and irreparably injures Plaintiff by impairing and threatening to impair the goodwill Plaintiff has created for its products, and by permitting Defendants to misappropriate and trade upon the familiarity and excellent reputation of Plaintiff's products.

30. On information and belief, Defendants have relied, and will continue to rely, substantially upon Plaintiff's existing goodwill, expenditures, labor, consumer recognition and extensive marketing and promotion of Plaintiff's FREEZE 24/7 products in order to enhance the sales of Defendants' ICED product, thereby causing confusion and constituting misappropriation, while simultaneously avoiding similar expense of their own.

31. On information and belief, Defendants have derived direct and indirect benefits and profits from their infringing use of the ICED Trade Dress, all at Plaintiff's economic and reputational expense.

32. The foregoing acts by Defendants have been willful, intentional and purposeful, or in reckless disregard of, or with callous indifference to, Plaintiff's rights, including under the Judgment and the Settlement Agreement.

33. Defendants representations and warranties, as quoted above, induced Plaintiff to enter into the Settlement Agreement.  On information and belief, those representations and warranties were false when made and known by Defendants to be false when made.

34. Plaintiff is suffering, and will continue to suffer, irreparable injury from the foregoing acts of Defendants for which there is no adequate remedy at law.

35. Further, the foregoing acts of Defendants have caused and are likely to continue to cause Plaintiff to suffer substantial damages, including lost sales and profits.

36. The foregoing acts have occurred in, or in a manner affecting, interstate commerce.

**First Claim For Relief**
**(For Trade Dress Infringement Pursuant to 15 U.S.C. § 1125(a))**

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 as if fully set forth herein.

38. Defendants have manufactured, marketed, displayed, advertised, distributed and sold their ICED product in packaging that is substantially and confusingly similar to Plaintiff's FREEZE 24/7 Trade Dress.

39. Defendants' acts constitute a false designation of origin and a false description of fact that are likely to cause confusion, or to cause mistake, or to deceive the relevant consuming public concerning whether Defendants' products are affiliated, connected, or associated with, or approved by, Plaintiff.  Defendants' acts are further likely to damage the reputation and goodwill previously established by Plaintiff in its FREEZE 24/7 products and the FREEZE 24/7 Trade Dress.

40. As has already been adjudicated in the Judgment, the foregoing acts of Defendants constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### Second Claim For Relief
### (For Deceptive Acts and Practices In Violation of N.Y. Gen. Bus. Law § 349 and similar laws in other states)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42. The foregoing acts of Defendants constitute deceptive acts and practices in the conduct of a business, trade and commerce, in violation of (a) New York General Business Law § 349 and (b) similar statutory and common laws of each and every state in which Defendants have engaged in such acts.

### Third Claim For Relief
### (For State and Common Law Trade Dress Infringement)

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. The foregoing acts of Defendants constitute state and common law trade dress infringement in violation of the state and common law of the State of New York and each and every other state in which Defendants have engaged in such acts and that recognize state and/or common law trade dress infringement claims.

### Fourth Claim For Relief
### (For State and Common Law Unfair Competition/Misappropriation)

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46. The foregoing acts of Defendants constitute unfair competition and misappropriation in violation of the state and common law of the State of New York and each and every other state in which Defendants have engaged in such acts and that recognize state and/or common law claims for unfair competition and/or misappropriation.

## Fifth Claim For Relief
### (For Breach of Contract)

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48. The Settlement Agreement is a valid agreement and is binding on all parties.

49. As previously alleged, Defendants have breached the Settlement Agreement by, among other things, advertising and selling the ICED product packaged in the infringing ICED Trade Dress.

50. The foregoing breaches by Defendants are material.

51. As a result of Defendants' material breaches, Plaintiff has suffered and will suffer damages in an amount as yet unascertained and to be determined at trial.

## Sixth Claim For Relief
### (Fraud)

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 as if fully set forth herein.

53. As an inducement for Plaintiff to enter into the Settlement Agreement, Defendants represented and warranted that, as of October 31, 2005, ICED products packaged in the infringing ICED Trade Dress were not on the shelves of any stores.

54. Defendants' representation and warranty was material to Plaintiff's decision to end the Prior Litigation and accept the agreed upon consideration in settlement of its claims against Defendants in the Prior Litigation.

55. In fact, however, Defendants' representation and warranty was false and, upon information and belief, was known by Defendants to be false when made.  On information and belief, numerous CVS stores continued to sell ICED products packaged in the infringing ICED Trade Dress on and after October 31, 2005 and have continued to do so to date.

56. Plaintiff relied on Defendants' misrepresentations and entered into the Settlement Agreement, ending the Prior Litigation against Defendants for consideration that was determined based upon those misrepresentations.

57. Defendants' conduct, as alleged above, constitutes fraud.  As a result of Defendants' fraud, Plaintiff has suffered, and will continue to suffer, damages in an amount as yet unascertained and to be determined at trial.

WHEREFORE, Plaintiff respectfully prays for Judgment to be entered against Defendants as follows:

A.       Temporarily, preliminarily, during the pendency of this action, and permanently, restraining and enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice thereof, jointly and severally:

i.       from manufacturing, importing, selling, offering for sale, distributing, advertising or promoting the ICED product packaged in the infringing ICED Trade Dress;

ii.    from using on or in connection with any product or service or the importation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any skin care product: (a) any packaging, label, or trade dress that is confusingly similar to the FREEZE 24/7 Trade Dress; and (b) any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the minds of the public or to deceive the public into the belief that Defendants' products are the same as or associated with Plaintiff's products;

iii.    from representing by any means whatsoever, directly or indirectly, that any products sold by Defendants are associated with, sponsored by, and/or connected or affiliated with Plaintiff or Plaintiff's products or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Defendants' products, their quality or their value; and

iv.    from causing, engaging in or permitting others to do any of the aforesaid acts;

B.    Requiring Defendants to recall from the trade and all distribution channels any and all products, packaging, advertising and promotional materials relating to the ICED product packaged in the infringing ICED Trade Dress;

C.    Directing Defendants to deliver up to this Court during the pendency of this action for impoundment, destruction or other disposition, all products and materials in their possession or control that violate any of the provisions of Paragraph A, above, including, without limitation, all merchandise, designs, packaging, package inserts, labels, signs, prints, wrappers, receptacles, advertising or other materials, and the means for making or reproducing same, which violate the provisions of Paragraph A above, or any portion thereof;

13

D.      Directing Defendants to file with the Court and serve upon counsel for Plaintiff, within thirty (30) days after entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.      Directing Defendants to account for and relinquish to Plaintiff all direct and indirect gains, profits and advantages derived from Defendants' wrongful acts as described herein;

F.      Directing that Defendants pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' wrongful acts complained of herein;

G.      Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law;

H.      Awarding Plaintiff, on its state law claims, compensatory damages in an amount to be determined at trial;

I.      Awarding Plaintiff punitive damages in such amount as may be determined at trial;

J.      Awarding Plaintiff prejudgment interest according to the law;

K.      Finding this to be an "exceptional case" within the meaning of the Lanham Act, and directing that Defendants pay Plaintiff the costs of this action and its reasonable attorneys' fees; and

L.      Granting Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff requests a trial by jury on all issues so triable.

Dated:  New York, New York
        July 14, 2006

                                    PROSKAUER ROSE LLP

                                    By: _____
                                        Michael T. Mervis (MM 0306)
                                        Robyn S. Crosson  (RC 2922)
                                        Anne C. Edinger (Law Clerk)
                                        1585 Broadway
                                        New York, NY  10036
                                        Tel:  212.969.3000
                                        Fax:  212.969.2900

                                    *Attorneys for Plaintiff*

15